UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SYG REALTIES, L.L.C., ALL YEAR MANAGEMENT NY, INC., ALL YEAR MANAGEMENT, L.L.C.,<br><br>Defendants. | Case No. 22-CV-14<br><br>COMPLAINT |

The United States of America, by and through its attorney, BREON PEACE, United States Attorney for the Eastern District of New York, by the Authority of the Attorney General, on behalf of the United States Environmental Protection Agency ("EPA"), for its complaint against Defendants SYG Realties, L.L.C. ("SYG"), All Year Management NY, Inc., and All Year Management, L.L.C. ("Defendants"), alleges as follows:

## INTRODUCTION

1. The United States brings this action for injunctive relief and other relief against Defendants, three related corporations, that, during the time period below, repeatedly violated laws and regulations designed to protect the public from lead poisoning caused from the performance of renovations in older residential buildings.

2. Lead poisoning – particularly in children – can lead to severe health problems. Particularly large quantities of lead can be released during renovations of older residential buildings, *i.e.*, those constructed before 1978, when lead-based paint was widely used.  In 1992, to protect the public health, Congress enacted Title IV of the Toxic Substances Control Act ("TSCA").  Subsequently, EPA promulgated regulations regarding activities related to lead-

based paint, which are codified at 40 C.F.R. Part 745, Subpart E (the "Renovation, Repair, and Painting Rule" or "RRP Rule").

3. Defendants, and those acting on their behalf or at their direction, failed repeatedly to:

    a. Obtain certifications from EPA;

    b. Ensure that individuals directing or performing renovations ("renovators") on behalf of the Defendants are certified in lead-safe renovation work practices;

    c. Warn building occupants of the risks of lead exposure from the renovations;

    d. Seal off renovation work areas and cover floor surfaces to prevent lead from contaminating other apartments or common areas;

    e. Contain waste from renovations;

    f. Perform post-renovation clean up; and

    g. Establish, maintain and make available to EPA the records required by the regulations to enable EPA to monitor Defendants' compliance.

4. As a result of Defendants' violations, the public was put at risk of exposure to lead-based paint hazards during the course of Defendants' renovations.

5. Defendants continued to violate the law in 2012 and 2013, even after having been advised of their obligation to comply with TSCA and the RRP Rule.

6. Defendants managed a significant number of pre-1978 constructed properties in Brooklyn neighborhoods where children are disproportionately exposed to lead paint hazards.

7. The United States brings this action for an order enjoining Defendants from conducting further renovation work until they demonstrate compliance with TSCA and the RRP Rule, a permanent injunction compelling Defendants to comply with TSCA and the RRP Rule in the future, and an order to mitigate their prior violations.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and Section 17 of TSCA, 15 U.S.C. § 2616; and over the parties to this action.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because the violations primarily occurred in this district and because Defendants reside and have their principal place of business in this district.

## THE PARTIES

10. Plaintiff is the United States of America on behalf of EPA.

11. At all times relevant to this action, SYG, All Year Management NY, Inc. ("All Year Inc."), and All Year Management, LLC ("All Year LLC") were corporations incorporated under the laws of New York State.

12. SYG, All Year Inc., and All Year LLC were "firms" as defined under 40 C.F.R. §§ 745.83.

13. SYG, All Year Inc., and All Year LLC shared the same mailing address (199 Lee Avenue #693, Brooklyn, New York 11211), physical address (277 Classon Avenue, Brooklyn, New York 11211), and telephone number.

14. Yoel Goldman ("Goldman") owned SYG and All Year LLC, and co-owned All Year Inc. with David Friedman ("Friedman"). Together, Goldman and Friedman managed all three.

## STATUTORY AND REGULATORY BACKGROUND

15. Lead is toxic. Ingestion even in small quantities can cause serious health problems, including hypertension, kidney failure, and infertility. Children under six years of age

3

and pregnant women are most vulnerable to the harmful effects of lead. Even at low levels, lead poisoning in children causes intelligence quotient deficiencies, reading and learning disabilities, impaired hearing, reduced attention span, hyperactivity, and behavior problems.

16. Section 402(c) of TSCA, 15 U.S.C. § 2682(c), requires EPA to promulgate guidelines for the conduct of renovation and remodeling activities in buildings constructed before 1978 in order to reduce the risk of exposure to lead in connection with such activities.

17. In 2008, in accordance with Section 402(c) of TSCA, EPA promulgated the RRP Rule.

18. The RRP Rule requires, among other things, that:

   a. Firms performing covered renovations (*i.e.*, renovations of pre-1978 housing) for compensation must be certified by EPA. *See* 40 C.F.R. §§ 745.81(a)(2)(ii) and 745.89(a) and (b).

   b. Firms performing covered renovations must ensure that the renovation is performed or directed by a "renovator," i.e., an individual who has been certified by EPA. *See* 40 C.F.R. §§ 745.81(a)(3), 745.89(d)(1) and (2), and 745.90(a). This requirement extends the firm's responsibility to "all individuals" performing work "on behalf of" the firm. 40 C.F.R. 745.89(d)(1).

   c. Firms performing covered renovations must ensure that, before the renovation is started, a pamphlet entitled "Renovate Right: Important Lead Hazard Information for Families, Child Care Providers, and Schools" ("Safety Pamphlet") is provided to the owner or occupant of the housing being renovated. *See* 40 C.F.R. §§ 745.84(a), 745.89(d)(3), & 745.89(d)(4).

   d. Firms performing covered renovations must ensure that signs are posted that clearly define the work area and that warn occupants and other persons not involved in renovation activities to remain outside of the work area. 40 C.F.R. §§ 745.85(a)(1) & 745.89(d)(3).

   e. Firms performing covered renovations must ensure that the entire work area is closed off by covering floors, sealing doors, closing windows, and covering air ducts, among other things. *See* 40 C.F.R. § 745.85(a)(2) & 745.89(d)(3).

   f. Firms performing covered renovations must ensure that waste from renovation activities is contained to prevent release of dust and debris before the waste is removed from the work area for storage or disposal. *See* 40 C.F.R. § 745.85(a)(4)(i) & 745.89(d)(3).

g. Firms performing covered renovations must ensure that the work area is cleaned until no dust, debris or residue remains after the renovation has been completed. *See* 40 C.F.R. § 745.85(a)(5) & 745.89(d)(3).

h. Firms performing covered renovations must establish and maintain and, if requested, make available to EPA all records necessary to demonstrate their compliance with the RRP Rule. *See* 40 C.F.R. §§ 745.86(a) & (b), 745.87(b), & 745.89(d)(5).

19. The failure to comply with any rule issued under Section 402 of TSCA, including the RRP Rule, is a violation of Section 409 of TSCA, 15 U.S.C. § 2689.

20. Section 17(a) of TSCA, 15 U.S.C. § 2616(a), authorizes EPA to bring a civil action to restrain any violations of Section 409 of TSCA.

## DEFENDANTS' VIOLATIONS OF TSCA AND THE RRP RULE

21. From approximately 2011 to 2012, EPA received multiple complaints from individual citizens and the New York City Department of Health and Mental Hygiene Lead Poisoning Prevention Program ("Department of Health") about renovation work conducted at these five buildings: 101 Quincy Street, Brooklyn, New York; 136 Kingsland Avenue, Brooklyn, New York; 143 North 8th Street, Brooklyn, New York; 497 Prospect Place, Brooklyn, New York; and 892 Myrtle Avenue, Brooklyn, New York.

22. Each of these five buildings was built before 1978 and is covered by TSCA and the RRP Rule.

23. The renovations at each of these building was performed for compensation by SYG, All Year Inc., or All Year LLC.

24. Defendants were not EPA-certified renovation firms at the time of the violations.

### 101 Quincy Street

25. The building at 101 Quincy Street, Brooklyn, New York, is a nine-unit, four-story building, built in or around 1930 ("101 Quincy Street").

5

26. SYG hired a subcontractor to perform a renovation at 101 Quincy Street in or about 2012 or 2013.

27. SYG assumed the role of general contractor for this renovation and controlled the renovation work at 101 Quincy Street.

28. SYG performed a renovation for compensation at 101 Quincy Street.

29. None of the individuals who performed or directed the renovation at 101 Quincy Street was certified by EPA under the RRP Rule.

30. No Safety Pamphlets were distributed to the occupants of 101 Quincy Street.

31. No occupant protection safety signs were posted at the renovation at 101 Quincy Street.

32. No lead-safe work practices were implemented for the renovation at 101 Quincy Street. No person closed windows, closed or sealed doors, covered work areas, performed post-renovation clean up, or obtained a post-renovation cleaning verification.

33. In the course of the renovation of 101 Quincy Street, construction dust, construction debris, and paint chips, all of which contained lead, was spread to common areas in the building, including common hallways, stairwells, floors, and window sills.

34. Despite requests by EPA, SYG has never produced any records of implementing lead-safe work practices at 101 Quincy Street.

**136 Kingsland Avenue**

35. The building at 136 Kingsland Avenue, Brooklyn, New York, is a six-unit, three-story building, built in or around 1920 ("136 Kingsland Avenue").

36. Defendants hired a subcontractor to perform all or part of a renovation at 136 Kingsland Avenue in or about April 2013.

6

37. Defendants assumed the role of general contractor for this renovation and controlled the renovation work at 136 Kingsland Avenue.

38. Defendants performed a renovation for compensation at 136 Kingsland Avenue.

39. None of the individuals who directed or performed the renovation at 136 Kingsland Avenue were certified by EPA under the RRP Rule.

40. No Safety Pamphlets were distributed to the occupants of 136 Kingsland Avenue.

41. No occupant protection safety signs were posted at the renovation at 136 Kingsland Avenue.

42. No lead-safe work practices were implemented for the renovation at 136 Kingsland Avenue. No person closed windows, closed or sealed doors, covered work areas, performed post-renovation clean up, or obtained a post-renovation cleaning verification.

43. In the course of the renovation of 136 Kingsland Avenue, construction dust, construction debris, and paint chips, all of which contained lead, was spread to common areas in the building, including common hallways, stairwells, floors, window sills, the courtyard, and into at least one apartment.

44. Despite requests by EPA, Defendants have never produced any records of implementing lead-safe work practices at 136 Kingsland Avenue.

### 143 North 8th Street

45. The building at 143 North 8th Street, Brooklyn, New York, is a ten-unit, four-story building, built in or around 1910 ("143 North 8th Street").

46. SYG hired a subcontractor to perform a renovation at 143 North 8th Street in or about 2012 or 2013.

47. SYG assumed the role of general contractor for this renovation and controlled the renovation work at 143 North 8th Street.

48. SYG performed a renovation for compensation at 143 North 8th Street.

49. None of the individuals who directed or performed the renovation at 143 North 8th Street were certified by EPA under the RRP Rule.

50. No Safety Pamphlets were distributed to the occupants of 143 North 8th Street.

51. No occupant protection safety signs were posted at the renovation at 143 North 8th Street.

52. No lead-safe work practices were implemented for the renovation at 143 North 8th Street. No person closed windows, closed or sealed doors, covered work areas, performed post-renovation clean up, or obtained a post-renovation cleaning verification.

53. In the course of the renovation of 143 North 8th Street, construction dust, construction debris, and paint chips, all of which contained lead, were spread to common areas in the building, including common hallways, stairwells, floors, window sills, outside and in front of the building, and inside some of the apartments.

54. Despite requests by EPA, Defendants have never produced any records of implementing lead-safe work practices at 143 North 8th Street.

### 497 Prospect Place

55. The building at 497 Prospect Place, Brooklyn, New York, is an eight-unit, four-story building, built in or around 1910 ("497 Prospect Place").

56. Defendants hired a subcontractor to perform a renovation at 497 Prospect Place in or about 2012.

57. Defendants assumed the role of general contractor for this renovation and controlled the renovation work at 497 Prospect Place.

58. Defendants performed a renovation for compensation at 497 Prospect Place.

59. None of the individuals who directed or performed the renovation at 497 Prospect Place was certified by EPA under the RRP Rule.

60. No Safety Pamphlets were distributed to the occupants of 497 Prospect Place.

61. No occupant protection safety signs were posted at the renovation at 497 Prospect Place.

62. No lead-safe work practices were implemented for the renovation at 497 Prospect Place. No person closed windows, closed or sealed doors, covered work areas, performed post-renovation clean up, or obtained a post-renovation cleaning verification.

63. In the course of the renovation of 497 Prospect Place, construction dust, construction debris, and paint chips, all of which contained lead, were spread to common areas in the building, including common hallways, stairwells, floors, and window sills, and inside at least two apartments.

64. The Department of Health inspected the renovation at 497 Prospect Place several times, observed construction debris and dust in common spaces and apartments, and, on February 2, February 6, February 7, and February 8, 2012, issued notices of violation to Defendants requiring them to immediately cleanup the construction debris and dust in the common areas and inside apartments.

65. Defendants did not comply with these notices of violation, continued to perform the renovation, and continued to spread lead-laden construction debris and dust throughout the common areas and into apartments.

66. Even as late as May 2, 2012, there was still construction debris and dust in common areas and inside apartments at 497 Prospect Place.

67. Despite requests by EPA, Defendants have never produced any records of implementing lead-safe work practices at 497 Prospect Place.

### 892 Myrtle Avenue

68. The building at 892 Myrtle Avenue, Brooklyn, New York, is a four-unit, four-story apartment building, built in 1931 ("892 Myrtle Avenue").

69. SYG hired a subcontractor to perform a renovation at 892 Myrtle Avenue in or about 2012 or 2013.

70. SYG assumed the role of general contractor for this renovation and controlled the renovation work at 892 Myrtle Avenue.

71. SYG performed a renovation for compensation at 892 Myrtle Avenue.

72. None of the individuals who directed or performed the renovation at 892 Myrtle Avenue were certified by EPA under the RRP Rule.

73. No Safety Pamphlets were distributed to the occupants of 892 Myrtle Avenue.

74. No occupant protection safety signs were posted at the renovation at 892 Myrtle Avenue.

75. No lead-safe work practices were implemented for the renovation at 892 Myrtle Avenue.  No person closed windows, closed or sealed doors, covered work areas, performed post-renovation clean up, or obtained a post-renovation cleaning verification.

76. Despite requests by EPA, SYG has never produced any records of implementing lead-safe work practices at 892 Myrtle Avenue.

## FIRST CLAIM FOR RELIEF

### Failure to Obtain Firm Certification

77. Defendants failed to obtain certification from EPA before performing renovations at 497 Prospect Place, 143 North 8th Street, 136 Kingsland Avenue, 892 Myrtle Avenue, and 101 Quincy Street (the "Five Buildings"), in violation of 40 C.F.R. §§ 745.81(a)(2)(ii) and 745.89(d)(1), and 15 U.S.C. § 2689.

## SECOND CLAIM FOR RELIEF

### Failure to Use Certified Renovators

78. Defendants failed to ensure that the renovations at the Five Buildings were performed or directed by certified "renovators," in violation of 40 C.F.R. §§ 745.81(a)(3) and 745.89(d)(2), and 15 U.S.C. § 2689.

## THIRD CLAIM FOR RELIEF

### Failure to Comply with Safe Work-Practice Requirements

79. Defendants failed to ensure that work areas at the renovations at the Five Buildings were contained, in violation of 40 C.F.R. §§ 745.85 and 745.89(d)(3), and 15 U.S.C. § 2689.

80. Defendants also failed to:

   a. ensure that work areas were properly cleaned after the renovations were completed at the Five Buildings, in violation of 40 C.F.R. §§ 745.85(a)(5), (ii), and (c) and 745.89(d)(3), and 15 U.S.C. § 2689;

   b. ensure that floors were covered in violation of 40 C.F.R. §§ 745.85(a)(2)(i)(D) and 745.89(d)(3), and 15 U.S.C. § 2689; and

   c. ensure that waste from renovations was contained, in violation of 40 C.F.R. §§ 745.85(a)(4)(i) and 745.89(d)(3), and 15 U.S.C. § 2689.

### FOURTH CLAIM FOR RELIEF

### Failure to Provide the "Renovate Right" Pamphlet or Post Warning Signs

81. Defendants failed to ensure that Lead Hazard Information Pamphlets were provided to the owner(s) and/or occupants of the renovated units in any of the Five Buildings, in violation of 40 C.F.R. §§ 745.84(a) and 745.89(d)(4), and 15 U.S.C. § 2689.

82. Defendants also failed to post warning signs at the Five Buildings, in violation of 40 C.F.R. § 745.85(a)(1) and 15 U.S.C. § 2689.

### FIFTH CLAIM FOR RELIEF

### Failure to Establish, Maintain, and Make Records Demonstrating Compliance with the RRP Rule Available to EPA

83. Defendants failed to make available to EPA records demonstrating compliance with the RRP Rule at the renovations at the Five Buildings, in violation of 40 C.F.R. §§ 745.86(a) and 745.89(d)(5), and 15 U.S.C. § 2689.

84. Defendants repeatedly violated the initial certification requirements, use of certified renovator requirements, safe-work practice requirements, safety pamphlet and warning sign requirements, and recordkeeping requirements of the RRP Rule (collectively, "RRP Requirements"), which were designed to protect the public from lead poisoning.

### PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court:

i. Enter, under Sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 and 2689, judgment against SYG, All Year Inc., and All Year LLC and in favor of the United States for the violations alleged in this Complaint;

ii. Enter, under Sections 17 and 409 of TSCA, an order restraining SYG, All Year Inc., and All Year LLC from performing any further renovation work until they can demonstrate

compliance with TSCA and the RRP Rule;

  iii. Enter, under Sections 17 and 409 of TSCA, a permanent injunction compelling SYG, All Year Inc., and All Year LLC to perform all future renovation work in compliance with TSCA and the RRP Rule and requiring them to mitigate prior violations;

  iv. Grant such other and further relief as the Court deems just and appropriate.

Date: January 3, 2022
   Brooklyn, New York

           Respectfully submitted,

           BREON PEACE
           United States Attorney

       By: */s/ Shana C. Priore*
           SHANA C. PRIORE
           Assistant United States Attorney
           271-A Cadman Plaza East
           Brooklyn, New York 11201
           718-254-6008
           shana.priore@usdoj.gov

           TODD KIM
           Assistant Attorney General
           U.S. Department of Justice
           Environment and Natural Resources Division
           Environmental Enforcement Section

OF COUNSEL:

RUDOLPH PEREZ
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 2

AMOS PRESSLER
Attorney-Advisor
U.S. EPA, Office of Civil Enforcement